UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROCHE DIAGNOSTICS GMBH, and ROCHE DIAGNOSTICS OPERATIONS, INC., <br>     *Plaintiffs*, <br> vs. <br><br> POLYMER TECHNOLOGY SYSTEMS, INC. D/B/A CHEK DIAGNOSTICS, SCHUYLER BUCK, KRISTIN WESTERFIELD, and MICHAEL HEWITT, <br>     *Defendants*. | 1:14-cv-00552-JMS-DKL |

## **ORDER**

Presently pending before the Court is a Motion for Leave to File Memorandum In Support of its Motion for Preliminary Injunction and Certain Exhibits in the Supporting Appendix of Exhibits Under Seal, filed by Plaintiffs Roche Diagnostics GmbH and Roche Diagnostics Operations, Inc. (collectively, "Roche"). [Filing No. 46.] In the motion, Roche requests permission to maintain under seal its Memorandum in support of its Motion for Preliminary Injunction, [Filing No. 45; Filing No. 48-1[1]], and certain exhibits to that Memorandum, [Filing No. 44]. Roche notes that the Court entered a Protective Order in this matter on June 6, 2014, [Filing No. 39], which allows a party to file material provisionally under seal if the party believes that the material meets the criteria for being designated "Confidential" or "Confidential – Attorneys' Eyes Only" as defined in the Protective Order. [Filing No. 46 at 1-2.] Roche argues that the Memorandum and certain exhibits should be maintained under seal because they meet the criteria for being considered "Confidential" or "Confidential – Attorneys' Eyes Only," but does not elaborate further. [Filing No. 46 at 1-2.]

---

[1] The Court will assume that Roche's motion also seeks to maintain its corrected version of the Memorandum, which makes one correction, under seal as well. [Filing No. 48-1.]

- 1 -

"It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). In fact, the United States Supreme Court has recognized that this right to access is protected by the First Amendment of the United States Constitution. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk County*, 457 U.S. 596, 603-06 (1982); *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents"). Although this principle originated from a need to ensure access to criminal cases, it has been expanded to civil proceedings. *Smith v. U.S. Dist. Ct. for S. Dist. of Ill.*, 956 F.2d 647, 650 (7th Cir. 1992).

The public's right to access court records is not unlimited, however, and Federal Rule of Civil Procedure 26(c) allows the Court to shield certain documents from the public when there is good cause to do so. *Bond*, 585 F.3d at 1074. Although protective orders may keep certain documents confidential, as a general rule, "*dispositive* documents in any litigation enter the public record notwithstanding any earlier agreement." *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (emphasis in original). As the Seventh Circuit has observed, "How else are observers to know what the suit is about or assess the [judge's] disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing." *Id.*

Very few categories of documents are to be kept confidential once "their bearing on the merits of a suit has been revealed." *Id.* In civil litigation, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required

by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret." *Id.* Trade secret law "does not exhaust legitimate interests in confidentiality," however, and "businesses that fear harm from disclosure required by the rules for the conduct of litigation often agree to arbitrate." *Id.* at 547. A party seeking to maintain confidentiality must explain what harm will result from the disclosure as well as why that harm is the sort that presents a legal justification for secrecy in presumptively public litigation. *Id.* at 547.

Because Roche has not explained why the documents at issue need to be kept under seal – other than stating that they discuss or constitute documents marked "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order[2] – the Court **DENIES WITHOUT PREJUDICE** the Motion for Leave to File Memorandum In Support of its Motion for Preliminary Injunction and Certain Exhibits in the Supporting Appendix of Exhibits Under Seal, [Filing No. 46].

In light of Roche's concern, however, the Court will temporarily restrict access to Roche's Memorandum in support of its Motion for Preliminary Injunction, [Filing No. 45; Filing No. 48-1], and certain exhibits filed under seal, [Filing No. 44], by **DIRECTING THE CLERK TO MAINTAIN THOSE FILINGS UNDER SEAL** until further order of the Court. To the extent Roche wishes to file a more substantive motion, it must do so by **June 26, 2014**. Any such motion must explain: (1) what portions of the Memorandum in support of Roche's Motion

---

[2] The Court notes that the fact that documents are designated as confidential under a protective order is not enough to justify maintaining them under seal. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) ("it will not be enough for the district judge on remand to point to the protective order as authority for allowing a portion of the appellate record to be filed under seal in this court. He must determine what parts of the appendix contain material that ought, upon a neutral balancing of the relevant interests, be kept out of the public record").

for Preliminary Injunction, [Filing No. 45; Filing No. 48-1], and the exhibits Roche has filed under seal, [Filing No. 44], are legally permitted to be maintained under seal; (2) what harm will result from disclosure; (3) why that harm is the sort that presents a legal justification for secrecy; and (4) what legal precedent supports maintaining those portions under seal, especially given that Roche presumably would like the Court to rely upon those documents when considering and ruling on its Motion for Preliminary Injunction. Absent a renewed motion, the documents in question will be unsealed.

**Distribution via ECF only to all counsel of record**